## BEATTY v BASTON

Ohio Appeals, 9th Dist, Summit Co

No 2031. Decided Dec 12, 1932

R. H. Nesbitt, Akron, for plaintiff in error.

Gottwald, Breiding & Hinton, Akron, for defendant in error.

PARDEE, PJ.

The defendant claims in this court that the report filed by him, in which the alleged defamatory and libelous words are contained, was absolutely privileged, and that therefore, as a matter of law, the judgment entered by the Court of Common Pleas should be reversed and a final judgment entered in this court in his favor.

The bill of exceptions shows that said plaintiff was a regular employee of the Goodyear Tire & Rubber Co., and that she claimed she received an injury on the 17th day of January, 1929, while in the course of her employment with said company.

It is admitted that the Goodyear Tire & Rubber Co. is a self-insurer, and that on or about the 23rd day of March, 1929, plaintiff made an application in writing to said company for compensation, and with said application, on the back thereof, she submitted the statement of Dr. Ed. C. Banker, who treated said plaintiff for said injury and who performed an operation upon her hand at a hospital in the city of Akron. The evidence further shows that at the time this application was filed, plaintiff informed one of the employees of said company that the defendant had treated her for said injury prior to the time she employed Dr. Banker, and that thereupon one of the employees of said company, who was in charge of compensation applications with said company, wrote to defendant, asking him to make a statement in regard to plaintiff's alleged injury, and he, without consulting with said plaintiff and without her knowledge or consent, made the report to said company upon which plaintiff's cause of action is based.

The record further shows that the Goodyear Tire & Rubber Co. and said plaintiff were unable to agree, that said company rejected plaintiff's said claim, and that thereafter, to-wit, on or about April 5, 1929, application was made to the Industrial Commission of Ohio for compensation, as provided by the laws of this state and the rules of said commission.

The record therefore conclusively shows that at the time defendant made said report, there were no proceedings involving plaintiff's injury pending before said commission.

Upon these facts, although different from the claims of his answer, as herein stated, the defendant claims that his report is absolutely privileged, and that even if the said statement is untrue, he could not be held liable for any damages sustained by the plaintiff, because his report was made in a proceeding which relieves him from liability.

With this contention of the defendant we do not agree. It must be conceded that the information which said defendant received from said plaintiff and upon which he based his opinion, was confidential, resulting from the relationship of physician and patient, and under the laws of Ohio (§11494 GC) a doctor is an incompetent witness and prohibited from testifying, unless the patient waives the privilege or the patient voluntarily testifies to something which occurred between himself and the physician, either one of which actions permits the physician to testify in relation to the same subject.

**Oudenmoore et, Exrs. v Holzback, 89 Oh St 381.**

In the instant case, as is hereinbefore stated, said company was a self-insurer, and under the Workmen's Compensation law and the rules and regulations of the commission, it was a matter of negotiation between said company and said employee as to whether they could agree as to the injury and as to its compensability, and if so, as to the amount to be paid to said employee; and there is nothing in the Workmen's Compensation law or the rules and regulations of the commission which in any way makes the procedure adopted by the parties as to whether they can agree, a proceeding before the commission under the Workmen's Compensation law. Therefore, the negotiations which were had between said parties precedent to the application filed with said commission were not a judicial, quasi-judicial, or other proceeding, and a situation did not exist which gave to said defendant the right to claim that his report was absolutely privileged.

In the trial of the case, whether he was entitled to it or not, the defendant was given the full benefit of a qualified privilege, and it is evident, under the charge of the court, that the jury found that the defendant not only violated the ethics of his profession, but that in doing so he was actuated by malice, and that the information he imparted was untrue; and we do not find that the verdict of the jury is manifestly against the weight of the evidence.

Defendant further complains as to the admission of evidence given over his objection, relating to certain examinations by Dr. Banker.

We have carefully considered this mat-

ter, and feel that this evidence was probably incompetent, but under the pleadings and all the evidence in the case, we are unanimously of the opinion that it was not prejudicial.

We do not find any errors in the record prejudicial to said defendant, so we affirm the judgment.

WASHBURN and FUNK, JJ, concur in judgment.